**SKAPIK LAW GROUP**
Mark J. Skapik (SBN 164957)
E-mail: mskapik@skapiklaw.com
Geralyn L. Skapik (SBN 145055)
E-mail: gskapik@skapiklaw.com
Blair J. Berkley (SBN 222293)
E-mail: bberkley@skapiklaw.com
Matthew T. Falkenstein (SBN 333302)
E-mail: mfalkenstein@skapiklaw.com
Roxanne A. Markus (SBN 362400)
E-mail: rmarkus@skapiklaw.com
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Tel: (909) 398-4404 | Fax: (909) 398-1883

Attorneys for Plaintiff DONNA LUNA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONNA LUNA, an individual,

Plaintiff,

vs.

CITY OF LA HABRA; OFFICER L. MACIAS, an individual; OFFICER K. FERRIS, an individual; WHITTEN HEIGHTS ASSISTED LIVING AND MEMORY CARE; and DOES 1 through 10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. 42 U.S.C. § 1983 (Fourth Amendment – Unlawful Detention / Wrongful Arrest)
2. 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)
3. Assault
4. Battery
5. Negligence (Count I)
6. Negligence (Count II)
7. Intentional Infliction of Emotional Distress (Count I)
8. Intentional Infliction of Emotional Distress (Count II)
9. Cal. Civil Code § 52.1 (Bane Act)
10. Malicious Prosecution

## COMPLAINT FOR DAMAGES

1. Plaintiff DONNA LUNA, an individual, for her complaint against Defendants CITY OF LA HABRA, OFFICER L. MACIAS, OFFICER K. FERRIS, WHITTEN HEIGHTS ASSISTED LIVING AND MEMORY CARE, and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory, statutory, and punitive damages from Defendants for violating various rights under the United States and California Constitutions in connection with an encounter between Plaintiff and Defendants MACIAS and WITTEN, members of the CITY OF LA HABRA's Police Department, at Defendant WHITTEN HEIGHTS ASSISTED LIVING AND MEMORY CARE facility.

## PARTIES

3. At all times relevant, Plaintiff DONNA LUNA ("PLAINTIFF") is and was an individual residing in the County of Orange, California.

4. At all times relevant, Defendant OFFICER L. MACIAS ("MACIAS"), first name unknown, is and was a police officer at the City of La Habra Police Department, which is owned and operated by Defendant CITY OF LA HABRA ("CITY"). At all times relevant, MACIAS was acting under color of state law and was an agent and/or employee of Defendant CITY.

5. At all times relevant, Defendant OFFICER K. FERRIS ("FERRIS"), first name unknown, is and was a police officer at the City of La Habra Police Department, which is owned and operated by Defendant CITY. At all times relevant, FERRIS was acting under color of state law and was an agent and/or employee of Defendant CITY. Collectively, Defendants MACIAS and FERRIS are herein referred to as the "OFFICER DEFENDANTS."

6. At all times relevant, Defendant CITY OF LA HABRA ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all times relevant, the CITY was the employer of the OFFICER

DEFENDANTS and DOES 1-5, inclusive. On information and belief, at all times relevant, the OFFICER DEFENDANTS and DOES 1-5, inclusive, were residents of the County of Orange, California.

7. At all times relevant, WHITTEN HEIGHTS ASSISTED LIVING AND MEMORY CARE ("WHITTEN HEIGHTS") is and was a private entity, form unknown, which Plaintiff is informed and believes and thereon alleges exists under the laws of the State of California. At all times relevant, WHITTEN HEIGHTS was the employer of DOES 6-10, inclusive. On information and belief, at all times relevant, DOES 6-10, inclusive, were residents of the County of Orange, California. At all times relevant, WHITTEN HEIGHTS owned and operated "Whitten Heights Assisted Living" located at 200 W. Whittier Blvd., La Habra, CA 90631.

8. At all times relevant, the OFFICER DEFENDANTS and DOES 1-5, inclusive, were duly appointed police officers and/or employees or agents of the CITY, subject to oversight and supervision by the CITY's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, the OFFICER DEFENDANTS and DOES 1-5, inclusive, were acting on the implied and actual permission and consent of the CITY.

10. At all times mentioned herein, each and every CITY DEFENDANT was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, training, conduct, and employment of each and every other CITY defendant.

11. At all times relevant, DOES 6-10, inclusive, who were employed by WHITTEN HEIGHTS were agents of the same, and acting on the express and implied consent of WHITTEN HEIGHTS in each way described herein.

12. The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants

///

when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

**JURISDICTION AND VENUE**

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrence giving rise to this action occurred in the County of San Bernardino, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 14 of this complaint with the same force and effect as though fully set forth herein.

16. On or about May 12, 2025, Plaintiff was visiting her elderly mother, who lived at WHITTEN HEIGHTS' location at 200 W. Whittier Blvd., La Habra, CA 90631. Plaintiff's mother was a resident of WHITTEN HEIGHTS on this date with her own private room at the location.

17. At approximately 8:30 p.m., Plaintiff and her mother were in Plaintiff's mother's room at WHITTEN HEIGHTS. The two were not bothering any other residents and Plaintiff was not violating any rules or otherwise disrupting the other residents of WHITTEN HEIGHTS. Plaintiff was simply visiting her mother at her mother's home in WHITTEN HEIGHTS.

18. Unbeknownst to Plaintiff, one or more of DOES 6-10, inclusive, who worked for WHITTEN HEIGHTS called the CITY's police department and falsely reported that Plaintiff was trespassing at the WHITTEN HEIGHTS location. Plaintiff is informed and believes and thereon alleges that those of DOES 6-10, inclusive, who made the false and malicious police call did so because Plaintiff had previously complained to

the State Ombudsman for various issues related to resident safety at WHITTEN HEIGHTS that she had observed while visiting her mother on other occasions.

19. In response to the illegal and malicious police call made by DOES 6-10, inclusive, the CITY sent multiple police officers, including the OFFICER DEFENDANTS, to the WHITTEN HEIGHTS location.

20. While Plaintiff was in her mother's room at WHITTEN HEIGHTS, the OFFICER DEFENDANTS and DOES 1-5, inclusive, arrived and forced entry into Plaintiff's mother's room. Once they had forced entry, the OFFICER DEFENDANTS and DOES 1-5, inclusive, immediately assaulted Plaintiff, who was significantly smaller than them and posed no threat to herself, the OFFICER DEFENDANTS and DOES 1-5, inclusive, or any other person.

21. The OFFICER DEFENDANTS and DOES 1-5, inclusive, rushed Plaintiff and tackled her, throwing her up against a wooden dresser and placing significant force on Plaintiff's low back. During this excessive take-down, the OFFICER DEFENDANTS and DOES 1-5, inclusive, caused Plaintiff to strike her head on the wooden dresser which caused a traumatic brain injury. Plaintiff also suffered a significant back injury as a result of the repeated force placed upon her low back by the much larger and heavier officers.

22. Plaintiff was severely injured due to being aggressively tackled by the officer defendants and then placed in a compromised position, where her arms were yanked and significant force was applied to her low back while she was both standing and prone.

23. Plaintiff was subjected to this unreasonable and excessive force despite the fact that she had not committed any crime and was not a threat to any other person. The OFFICER DEFENDANTS and DOES 1-5, inclusive, acted in a purely punitive nature, spurred by the malicious actions of DOES 6-10, inclusive, who worked for WHITTEN HEIGHTS at the time of the incident.

///

///

24. Plaintiff was arrested and charged with trespassing by the OFFICER DEFENDANTS and DOES 1-5, inclusive. All criminal charges against Plaintiff were dropped, and she was never prosecuted because she did not commit a crime.

25. On November 4, 2025, Plaintiff presented a claim for damages pursuant to California Government Code § 910 against the CITY OF LA HABRA, based on the injuries suffered due to the excessive and unreasonable force used against her by the OFFICER DEFENDANTS and DOES 1-5, inclusive. The CITY denied Plaintiff's claim on December 15, 2025.

## I.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Unlawful Detention/Wrongful Arrest

### (42 U.S.C. § 1983)

(By Plaintiff against the OFFICER DEFENDANTS and DOES 1-5, inclusive)

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this complaint with the same force and effect as though fully set forth herein.

27. The unjustified arrest and detention of Plaintiff by the OFFICER DEFENDANTS and DOES 1-5, inclusive, absent any reasonable suspicion or probable cause deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. Plaintiff had not committed any criminal act in the presence of the OFFICER DEFENDANTS and DOES 1-5, inclusive, nor had he acted in a way that a reasonable officer could believe would immediately precede a criminal act.

29. Moreover, Plaintiff was not armed and did not pose a threat to herself, the OFFICER DEFENDANTS, DOES 1-5, inclusive, or any other person on the date of the incident. Plaintiff did not attempt to resist the officers nor did she attempt to flee from them.

30. Plaintiff was simply visiting with her elderly mother when the OFFICER DEFENDANTS and DOES 1-5, inclusive, forced entry into Plaintiff's mother's room in order to effect an unlawful arrest against Plaintiff.

31. As such, based on those facts alone, there was no reasonable suspicion to detain Plaintiff at the time of the incident. Plaintiff had committed no crime, and the officers had no articulable facts to support any reasonable suspicion that she had committed a crime.

32. Upon arriving on the scene, the OFFICER DEFENDANTS and DOES 1-5, inclusive, immediately escalated the situation by using unlawful and excessive takedown techniques against Plaintiff, causing significant injury. Ultimately, Plaintiff was arrested by the OFFICER DEFENDANTS and DOES 1-5, inclusive, despite not having committed any crime and without any reasonable suspicion or probable cause.

33. The OFFICER DEFENDANTS' and DOES 1-5's, inclusive, actions described above violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by subjecting her to an unreasonable and warrantless search and seizure.

34. The OFFICER DEFENDANTS and DOES 1-5, inclusive, detained Plaintiff without reasonable suspicion and arrested her without probable cause.

35. In detaining Plaintiff without reasonable suspicion and arresting him without probable cause, the OFFICER DEFENDANTS and DOES 1-5, inclusive, acted intentionally and under color of state law.

36. As a result of the actions of the OFFICER DEFENDANTS and DOES 1-5, inclusive, Plaintiff suffered physical injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life. Plaintiff was distraught and severely injured in mind, body, and spirit by the perverse and malicious violations of rights she suffered at the hands of the OFFICER DEFENDANTS and DOES 1-5, inclusive.

///

37. The conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS and DOES 1-5, inclusive.

38. Plaintiff also seeks attorneys' fees under this claim.

**II.**

**<u>SECOND CLAIM FOR RELIEF</u>**

**Unreasonable Search and Seizure – Excessive Force**

**(42 U.S.C. § 1983)**

(By Plaintiff against the OFFICER DEFENDANTS and DOES 1-5, inclusive)

39. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this complaint with the same force and effect as though fully set forth herein.

40. The OFFICER DEFENDANTS' and DOES 1-5's, inclusive, unjustified uses of excessive force against Plaintiff deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures, including excessive force, as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. The OFFICER DEFENDANTS and DOES 1-5, inclusive, used excessive and unreasonable force against Plaintiff when they, and each of them, tackled her and used unlawful control holds against her. The OFFICER DEFENDANTS and DOES 1-5, inclusive, threw Plaintiff against a heavy wooden wardrobe, causing her to strike her head and suffer a traumatic brain injury, and then forced her into a prone control position by placing significant force on Plaintiff's low back, causing a serious back injury.

41. Specifically, MACIAS used excessive and unreasonable force against Plaintiff when he suddenly and without warning tackled her, slammed her head into a wooden dresser, and applied unreasonable force on her back while pulling her hands behind her, causing significant injury. The force used by MACIAS was unreasonable

because Plaintiff had committed no crime and was not attempting to resist or flee from MACIAS, and did not pose a threat to him, herself, or any other person.

42. Specifically, FERRIS used excessive and unreasonable force against Plaintiff when he suddenly and without warning tackled her, slammed her head into a wooden dresser, and applied unreasonable force on her back while pulling her hands behind her, causing significant injury. The force used by FERRIS was unreasonable because Plaintiff had committed no crime and was not attempting to resist or flee from FERRIS, and did not pose a threat to him, herself, or any other person.

43. The unreasonable uses of force described above by the OFFICER DEFENDANTS and DOES 1-5, inclusive, deprived Plaintiff of her rights to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44. As a result, Plaintiff suffered physical injury, a traumatic brain injury, a serious injury to her low back possibly requiring surgery, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

45. As a result of the conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these constitutional violations.

46. The use of excessive force in this instance was unreasonable under the circumstances because it was without probable cause and deprived Plaintiff of her Fourth Amendment right to be free of unreasonable seizures. Therefore, the force used by DOES 1-5, inclusive, was unreasonable under the circumstances.

47. In using such excessive and unreasonable force on Plaintiff, the OFFICER DEFENDANTS and DOES 1-5, inclusive, acted intentionally and under color of state law.

///

48. The conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS and DOES 1-5, inclusive.

49. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

**III.**

**<u>THIRD CLAIM FOR RELIEF</u>**

**Assault**

(By Plaintiff against the CITY, the OFFICER DEFENDANTS and DOES 1-5, inclusive)

50. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this complaint with the same force and affect as though fully set forth herein.

51. On May 12, 2025, the OFFICER DEFENDANTS and DOES 1-5, inclusive, threatened to cause harmful contact with Plaintiff when she was simply visiting with her mother at WHITTEN HEIGHTS.

52. Plaintiff did not consent to the conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive.

53. In fact, the OFFICER DEFENDANTS and DOES 1-5, inclusive, used excessive and unreasonable force against Plaintiff by way of extreme takedown maneuvers, slamming her head into a wardrobe, and applying extreme pressure to her low back.

54. The conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, was a substantial factor in causing Plaintiff's harm.

55. The conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

56. The CITY is vicariously liable for the acts of the OFFICER DEFENDANTS and DOES 1-5, inclusive, pursuant to California *Government Code* section 815.2(a),

which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

**IV.**

**FOURTH CLAIM FOR RELIEF**

**Battery**

(By Plaintiff against the CITY, the OFFICER DEFENDANTS and DOES 1-10, inclusive)

57. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 56 of this complaint with the same force and effect as though fully set forth herein.

58. The OFFICER DEFENDANTS and DOES 1-5, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, intentionally battered Plaintiff by unlawfully seizing her, tackling her, throwing her against a wardrobe, and applying excessive force to her back by way of unlawful control holds. As a result of the actions of the OFFICER DEFENDANTS and DOES 1-5, inclusive, Plaintiff suffered severe physical, mental, and emotional pain and suffering, a traumatic brain injury, and a serious low back injury possibly requiring surgery. The OFFICER DEFENDANTS and DOES 1-5 had no legal justification for using any force at all against Plaintiff and said defendants' use of force while carrying out their officer duties was an unreasonable use of force.

59. As a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has suffered significant injuries, including a traumatic brain injury and a serious low back injury possibly requiring surgery as a result of the conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive.

60. CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-5, inclusive, pursuant to California Government Code §

815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. The conduct of the OFFICER DEFENDANTS and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

**V.**

**FIFTH CLAIM FOR RELIEF**

**Negligence (Count I)**

(By Plaintiff against the CITY, the OFFICER DEFENDANTS and DOES 1-5, inclusive)

62. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 61 of this complaint with the same force and effect as though fully set forth herein.

63. The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

a. The failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff;

b. The negligent tactics and handling of the situation with Plaintiff, including pre-assault negligence;

c. The negligent detention and use of force against Plaintiff;

64. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

65. Specifically, as a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered a traumatic brain injury, a serious low back injury, and other physical injuries that caused her

significant harm and trauma. Plaintiff has also suffered significant and serious mental and emotional distress as a result of the negligent conduct of Defendants.

66. CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-5, inclusive, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## VI.

## SIXTH CLAIM FOR RELIEF

### Negligence (Count II)

(By Plaintiff against WHITTEN HEIGHTS and DOES 6-10, inclusive)

67. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 66 of this complaint with the same force and effect as though fully set forth herein.

68. The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

a. Presenting a false report to the police in order to have Plaintiff arrested;
b. Retaliating against Plaintiff for reporting serious concerns with treatment of residents at WHITTEN HEIGHTS;
c. Allowing the OFFICER DEFENDANTS to use excessive and unreasonable force on Plaintiff while she was on WHITTEN HEIGHTS' premises;
d. Allowing criminal prosecution to be initiated against Plaintiff despite the fact that she had not committed a crime.

69. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

70. Specifically, as a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered a traumatic brain injury, a serious low back injury, and other physical injuries that caused her significant harm and trauma. Plaintiff has also suffered significant and serious mental and emotional distress as a result of the negligent conduct of Defendants.

71. WHITTEN HEIGHTS is vicariously liable for the acts and omissions of the DOES 6-10, inclusive, because DOES 6-10, inclusive, were acting in their roles as employees and/or agents of WHITTEN HEIGHTS and within the course and scope of their employment with WHITTEN HEIGHTS when they engaged in the conduct complained of above.

## VII.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (Count I)

(By Plaintiff against the CITIY, the OFFICER DEFENDANTS and DOES 1-5, inclusive)

72. Plaintiff repeats and reallege each and every allegation in paragraphs 1 through 71 of this complaint with the same force and effect as though fully set forth herein.

73. On May 12, 2025, the OFFICER DEFENDANTS and DOES 1-5, inclusive, used excessive and unreasonable force against Plaintiff and wrongfully arrested her while she was visiting her elderly mother at WHITTEN HEIGHTS. The OFFICER DEFENDANTS and DOES 1-5, inclusive, unlawfully entered Plaintiff's mother's room and proceeded to forcibly arrest Plaintiff, despite the fact that she was not a threat to any person and committed no crime. The OFFICER DEFENDANTS used significant force that caused Plaintiff to suffer a traumatic brain injury along with a serious low back injury, nerve damage, and other injuries.

74. Plaintiff was not engaged in any criminal activity and was not a threat to herself or to anyone else. The OFFICER DEFENDANTS and DOES 1-5, inclusive,

///

decided to use excessive and unreasonable force and conduct an arrest in a purely punitive decision in order to exact extrajudicial punishment on Plaintiff.

75. To further punish Plaintiff, the OFFICER DEFENDANTS and DOES 1-5, inclusive, detained her without reasonable suspicion and arrested her without probable cause.

76. The OFFICER DEFENDANTS and DOES 1-5, inclusive, acted in an outrageous way by their unjustified and unreasonable use of excessive force against Plaintiff and by their unlawful detention and arrest of Plaintiff.

77. The OFFICER DEFENDANTS and DOES 1-5, inclusive, acted intentionally and with reckless disregard that Plaintiff would suffer emotional stress and distress from such an outrageous and excessive use of force on her person, despite no criminal activity being afoot.

78. The OFFICER DEFENDANTS and DOES 1-5, inclusive, acted intentionally and with reckless disregard that Plaintiff would suffer severe emotional stress and distress from being wrongfully detained without reasonable suspicion, wrongfully arrested without probable cause, and subject to extreme and excessive force at the hands of the officers.

79. As an actual and proximate result of the conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, Plaintiff suffered and continues to suffer from severe emotional distress to this day.

80. The conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

81. The CITY is vicariously liable for the acts and omissions of the OFFICER DEFENDANTS and DOES 1-5, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their

///

employment if that act or omission would have given rise to a cause of action against that employee.

**VIII.**

**EIGHTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress (Count II)**

(By Plaintiff against WHITTEN HEIGHTS and DOES 6-10, inclusive)

82. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 81 of this complaint with the same force and effect as though fully set forth herein.

83. On May 12, 2025, the Plaintiff was subjected to an unlawful arrest by the OFFICER DEFENDANTS and DOES 1-5, inclusive, due to the false and misleading police report submitted by those of DOES 6-10, inclusive, who work for WHITTEN HEIGHTS.

84. Plaintiff was not engaged in any criminal behavior, and, on information and belief, the police report was made by DOES 6-10, inclusive, who work for WHITTEN HEIGHTS in retaliation against Plaintiff for her reporting of various patient safety concerns to the state ombudsman.

85. DOES 6-10, inclusive, acted in an outrageous way by making a false police report against Plaintiff, causing her to be subjected to an unlawful arrest and excessive force.

86. DOES 6-10, inclusive, acted intentionally and with reckless disregard that Plaintiff would suffer emotional stress and distress from their extreme and outrageous behavior.

87. DOES 6-10, inclusive, acted intentionally and with reckless disregard that Plaintiff would suffer severe emotional stress as a result of a false police report against her leading to a wrongful arrest and excessive force.

88. As an actual and proximate result of the conduct of DOES 6-10, inclusive, Plaintiff suffered and continues to suffer from severe emotional distress to this day.

89. The conduct of DOES 6-10, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

90. WHITTEN HEIGHTS is vicariously liable for the acts and omissions of DOES 6-10, inclusive, because DOES 6-10, inclusive, were acting in their roles as employees and/or agents of WHITTEN HEIGHTS and within the course and scope of their employment with WHITTEN HEIGHTS when they engaged in the conduct complained of above.

**IX.**

**NINTH CLAIM FOR RELIEF**

**Cal. Civil Code § 52.1 (Bane Act)**

(By Plaintiff against the CITY, the OFFICER DEFENDANTS and DOES 1-5, inclusive)

91. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 90 of this complaint with the same force and effect as though fully set forth herein.

92. On May 12, 2025, the OFFICER DEFENDANTS and DOES 1-5, inclusive, used excessive and unreasonable force against Plaintiff when they rushed Plaintiff and tackled her, throwing her up against a wooden dresser and placing significant force on Plaintiff's low back. During this excessive take-down, the OFFICER DEFENDANTS caused Plaintiff to strike her head on the wooden dresser which caused a traumatic brain injury. Plaintiff also suffered a significant back injury as a result of the repeated force placed upon her low back by the much larger and heavier officers.

93. The actions of the OFFICER DEFENDANTS and DOES 1-5, inclusive, caused injuries to Plaintiff.

94. The OFFICER DEFENDANTS and DOES 1-5, inclusive, interfered with Plaintiff's Fourth Amendment rights to be free from unconstitutional searches and seizures by means of threats to Plaintiff's person and intimidation by means of showing unnecessary and unreasonable force under the circumstances.

95. The OFFICER DEFENDANTS and DOES 1-5, inclusive, threatened to use force on Plaintiff despite the fact that there was no probable cause to detain her and no reasonable suspicion to arrest her. Plaintiff had committed no crime.

96. The conduct of the OFFICER DEFENDANTS and DOES 1-5, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

97. The CITY is vicariously liable for the acts and omissions of the OFFICER DEFENDANTS and DOES 1-5, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

**X.**

**TENTH CLAIM FOR RELIEF**

**Malicious Prosecution**

(By Plaintiff against WHITTEN HEIGHTS and DOES 6-10, inclusive)

98. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 97 of this complaint with the same force and effect as though fully set forth herein.

99. DOES 6-10, inclusive, who were at all times relevant employees of WHITTEN HEIGHTS, wrongfully caused a criminal proceeding to be brought against Plaintiff by way of making a knowingly false police report.

100. DOES 6-10, inclusive, were actively involved in the causing Plaintiff to be arrested because they called the OFFICER DEFENDANTS to the scene with a false report to the police, despite knowing that Plaintiff had not committed any criminal activity.

101. The criminal proceeding against Plaintiff arising from this incident terminated in Plaintiff's favor.

102. No reasonable person in DOES 6-10's, inclusive, circumstances would have believed that there were grounds for causing Plaintiff to be arrested and prosecuted.

103. DOES 6-10, inclusive, acted primarily for a purpose other than to bring Plaintiff to justice. In fact, on information and belief, DOES 6-10, inclusive, acted in retaliation against Plaintiff, who had made multiple reports concerning patient safety at WHITTEN HEIGHTS to the state ombudsman.

104. As a proximate and actual result of the malicious conduct of DOES 6-10, inclusive, Plaintiff was harmed and suffered physical, mental, and emotional injuries.

105. The conduct of DOES 6-10, inclusive, was a substantial factor in causing Plaintiff's harm.

106. The conduct of DOES 6-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 6-10, inclusive, and WHITTEN HEIGHTS.

107. WHITTEN HEIGHTS is vicariously liable for the acts and omissions of DOES 6-10, inclusive, because DOES 6-10, inclusive, were acting in their roles as employees and/or agents of WHITTEN HEIGHTS and within the course and scope of their employment with WHITTEN HEIGHTS when they engaged in the conduct complained of above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests an entry of judgment in his favor and against Defendants CITY OF LA HABRA, OFFICER L. MACIAS, OFFICER K FERRIS, WHITTEN HEIGHTS, and DOES 1-10, inclusive, as follows:

A. For Compensatory damages in the amount to be proven at trial;
B. For punitive damages against MACIAS, FERRIS, WHITTEN HEIGHTS, and DOES 1-10, inclusive, in an amount to be proven at trial;
C. For interest;
D. For statutory damages;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: May 20, 2026

By: */s/ Matthew T. Falkenstein*

Mark J. Skapik
Geralyn L. Skapik
Blair J. Berkley
Matthew T. Falkenstein
Attorneys for Plaintiff
DONNA LUNA

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

SKAPIK LAW GROUP

Dated: May 20, 2026

By: */s/ Matthew T. Falkenstein*

Mark J. Skapik
Geralyn L. Skapik
Blair J. Berkley
Matthew T. Falkenstein
Attorneys for Plaintiff
DONNA LUNA